UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JERRY J. JONES, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00497-WTL-MJD |
| JEFFREY KREUGER Warden, | ) |
| Respondent. | ) |

**Entry Granting Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petitioner Jerry Jones seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). For the reasons discussed below, his petition for writ of habeas corpus must be **granted**.

**A. Background**

Petitioner Jerry J. Jones is an inmate currently housed at the United States Penitentiary, located in Terre Haute, Indiana. Jones was indicted in this District and was convicted following a jury trial on two counts of carjacking under 18 U.S.C. § 2119; armed bank robbery under 18 U.S.C. § 2113(a)(d); and three counts of use of a firearm during a crime of violence under 18 U.S.C. § 924(c).

Based on two prior crimes of violence – a 1981 Michigan felony conviction for breaking and entering in Genessee County, Michigan (Exhibit A to Return to Order to Show Cause "PSR" ¶ 51); and a 1981 Michigan felony conviction for armed robbery in Genessee County, Michigan (PSR ¶ 52) – the Court found that Jones is a career offender under § 4B1.2 of the Sentencing Guidelines. His sentence was enhanced based on this career offender finding.

On June 24, 2016, Jones filed a motion pursuant to 28 U.S.C. § 2255. *Jones v. United States*, No. 1:16-cv-01628-RLY-TAB. He argued that, in light of the Supreme Court's recent

decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), armed bank robbery does not qualify as a crime of violence and he is therefore innocent of the § 924(c) offenses for use of a firearm during a crime of violence, and that his sentence, determined under § 4B1.2, must be vacated. After the Supreme Court issued its decision in *United States v. Beckles*, 137 S. Ct. 886 (March 6, 2017), Jones moved to dismiss his § 2255 motion under Rule 41(a) of the Federal Rules of Civil Procedure, which the Court granted. *Jones v. United States*, No. 1:16-cv-01628-RLY-TAB, Dkt. 22, 23.

Now Jones seeks relief pursuant to § 2241 arguing that his status as career offender under the Sentencing Guidelines is invalid under *Mathis v. United States*, 136 S. Ct. 2243 (2016). He claims that his 1981 Michigan felony conviction for breaking and entering no longer qualifies as a crime of violence under § 4B1.1. Jones does not argue that his 1981 Michigan felony conviction for armed robbery does not qualify as a crime of violence under § 4B1.1

**B. Discussion**

To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

The parties agree that Jones has met the first two requirements to bring a § 2241 case.[1] But the parties disagree regarding whether Jones's petition satisfies the third requirement for relief under § 2241 – that the error is grave enough to be a miscarriage of justice. The respondent argues that *Mathis* does not apply to Jones's claims. The respondent concludes therefore was no error in sentencing Jones and no manifest injustice. Jones argues that his burglary conviction is not sufficient to enhance his sentence and his sentence was therefore improperly enhanced.

The Supreme Court held in *Mathis* that a crime counts as "burglary" to allow enhancement under the Armed Career Criminal Act ("ACCA") only "if its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2248. "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id*. The generic offense of burglary contains "the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

The respondent argues that under *Mathis*, Jones's burglary conviction qualifies as a violent felony, while Jones argues that it does not. The parties' positions amount to a disagreement over which Michigan burglary statute formed the basis for Jones's convictions. The respondent maintains that Jones was convicted under Michigan Complied Laws § 750.110a which provides:

---

[1] First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). In addition, the petition also meets the second requirement because it is retroactive. *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review").

> (2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
> (a) The person is armed with a dangerous weapon.
> (b) Another person is lawfully present in the dwelling.

The Sixth Circuit has held that a conviction under this statute qualifies as a "violent felony" under the ACCA's enumerated crimes clause because it is "categorically equivalent to generic burglary." *United States v. Quarles*, 850 F.3d 836, 839 (6th Cir. 2017).

The Court notes, however, that this statute was not added to the law until 1994. *See* PENAL CODE—HOME INVASION, 1994 Mich. Legis. Serv. P.A. 270 (S.B. 260) (WEST) ("Section 110 of Act No. 328 of the Public Acts of 1931, being section 750.110 of the Michigan Compiled Laws, is amended and section 110a is added . . . ."). Thus, Jones must have been convicted under § 750.110. That statute provides:

> A person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, or railroad car is guilty of a felony, punishable by imprisonment for not more than 10 years.

The Sixth Circuit Court of Appeals has held that a conviction under § 750.110 cannot serve as a predicate offense under the ACCA. *United States v. Ritchey*, 840 F.3d 310, 321 (6th Cir. 2016). It appears from the record, therefore, that Jones was convicted under the version of the statute that does not qualify as a violent felony under *Mathis*.

Because Jones's burglary conviction does not qualify as a violent felony, Jones does not have the necessary two predicate offenses for the career offender enhancement. Because he was sentenced during the time that the Sentencing Guidelines were mandatory, erroneously

classifying him as a career offender and enhancing his sentence "clearly constitutes a miscarriage of justice." *Brown v. Caraway*, 719 F.3d 583, 587-88 (7th Cir. 2013) ("the misapplication of the sentencing guidelines, at least where (as here) the defendant was sentenced in the pre-*Booker* era, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding").

### C. Conclusion

For the foregoing reasons, Mr. Jones's motion for relief pursuant to 28 U.S.C § 2241 is **granted** and he is entitled to be resentenced without treating his Michigan burglary conviction as a crime of violence for purposes of the career offender provisions of the Sentencing Guidelines.

Final Judgment consistent with this ruling shall now issue. Mr. Jones's sentence in this Court's Case No. IP 97-118-CR-01 is **vacated** and he will be resentenced. A copy of this Entry shall be docketed in No. IP 97-118-CR-01.

**IT IS SO ORDERED.**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/29/18

Distribution:

JERRY J. JONES
05629-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel